UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

        Plaintiff,

    v.

CONRAD, et al.,

        Defendants.

No. 2:19-cv-2551 DB P

ORDER

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that officers refused to give him his property in retaliation for filing staff complaints and civil suits. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant plaintiff the opportunity to proceed with the complaint as screened or to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to the claim occurred while plaintiff was housed at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 1 at 1.) Plaintiff has named the following defendants: (1) Konrad, facility captain; (2) Baker, correctional lieutenant; (3) Nelson, correctional sergeant; (4) Tillo, correctional legal officer; and (5) D. Baughman, warden at CSP-SAC. (<u>Id.</u>)

Plaintiff states that he was housed at CSP-SAC in March 2019 on out-to-court status. During his stay he filed several staff complaints and civil rights suits against prison officials. (Id. at 4-5.) On December 4, 2019, he was told that he was being transferred from California State Prison, Corcoran ("CSP-COR") to CSP-SAC. (Id. at 5.)

On December 11, 2019, plaintiff arrived at CSP-SAC with his legal and personal property. Upon arriving, he spoke to a correctional sergeant and informed him he had several pending criminal and civil actions. He requested that his property be searched in front of him and transported with plaintiff when he was escorted to his housing unit. The sergeant agreed that plaintiff's request was appropriate because plaintiff had ongoing court proceedings with deadlines approaching.

Plaintiff overheard the sergeant speak to facility captain, Konrad. (Id. at 6.) Plaintiff heard Konrad state "[plaintiff] has nothing coming" because "he sued captain Cross and them the last time he was down here . . . fuck him . . . I don't care what kind of court dates he has. Keep his personal property there. All of it." The sergeant then told plaintiff that he had spoken to Konrad and plaintiff would not be permitted to take his property to his housing unit.

On December 12, 2019, plaintiff spoke to Nelson, the living unit supervisor, and explained that he needed his legal and personal property because he had several pending cases. (Id. at 7.) Nelson stated, "I already know about your legal situation and I've spoken to Capt[ain] Konrad. We will ultimately decide as a team if we are going to accommodate you with your legal and personal shit . . . my understanding is the last time you were down here you sued everybody. Now you['re] back and our expectation is to get even." Plaintiff asked Nelson to confirm that his property was being withheld in retaliation for filing staff complaints and lawsuits. Nelson told plaintiff he could take it however he wanted, but he did have "shit coming."

Plaintiff then requested to speak with Baker, the living unit lieutenant. (Id. at 8.) A correctional officer told plaintiff she has spoken directly with Baker who advised her that he knew about plaintiff's issues and told her to tell plaintiff he agreed with Konrad and Nelson that plaintiff is on "shit status" which means plaintiff "have nothing coming."

////

On December 13, 2019, Konrad came to plaintiff's cell. The visit was recorded on video. Konrad informed plaintiff that he would have his legal property brought to the housing unit and that plaintiff would be moved to a different housing unit. Plaintiff alleges he was to be moved to the housing unit with correctional staff plaintiff had sued so that they could retaliate against plaintiff. Konrad also openly challenged plaintiff to physically assault officers, break out of his cell, set a fire, or hold staff handcuffs so that Konrad could order his officers to assault plaintiff. (Id. at 9.) Plaintiff rejected the challenge and verbally requested an inmate grievance form. Konrad told plaintiff he would not be getting anything and asked plaintiff if he was going to sue him like plaintiff sued Cross and "everybody else." Plaintiff alleges that Konrad's refusal to give plaintiff a grievance form rendered state remedies unavailable and ineffective.

On December 13, 2009, plaintiff requested the assistance of legal officer Tillo. Tillo sent a verbal message back to plaintiff stating he "wanted no part in plaintiff['s] ongoing problems" and refused to help plaintiff receive his legal property.

Plaintiff alleges that on November 28, 2019 he sent a "legal notice" to warden Baughman. The notice informed Baughman that plaintiff was going to be transferred to CSP-SAC and plaintiff was concerned officers there would retaliate against him. (Id. at 10.) He claims that even though Baughman had notice he failed to ensure that staff at CSP-SAC refrained from retaliating against plaintiff.

### III. Does Plaintiff State a Claim under § 1983?

#### A. First Amendment

##### 1. Legal Standards

"Of fundamental import to prisoners are their First Amendment rights to file prison grievances, and to pursue civil rights litigation in the courts. Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Rhodes v. Robinson, 408 F.3d 559, 567 (citations, internal quotations and footnote omitted) (9th Cir. 2005).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm. Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009).

The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

### 2. Analysis

Plaintiff has stated facts showing that defendants Konrad, Baker, Nelson, and Tillo took adverse action, withholding his property, because plaintiff engaged in protected conduct, filing staff complaints and civil suits. Accordingly, he has stated a cognizable first amendment claim against these defendants.

Plaintiff also claims that Warden Baughman is liable for the actions of the other prison officials because plaintiff sent him a letter informing Baughman he was concerned about retaliation based on his pending litigation against officers at CSP-SAC. He also claims that Baughman failed to prevent his subordinates from retaliating against plaintiff.

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's notice to Baughman before the events giving rise to the claim is not sufficient to show that he knew the other defendants allegedly violated plaintiff's rights once he arrived at CSP-SAC.

Accordingly, the court finds that allegations in the complaint are not sufficient to show that Baughman was involved in the alleged rights violations.

### B. Access to the Courts

Plaintiff claims that his Eighth Amendment rights were violated because prison officials interfered with his right of access to the courts. The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The right of access to the courts is derived from the First Amendment. Knight v. Nimrod, 14 Fed.Appx. 921, 922 (9th Cir. 2001). Accordingly, the court will analyze this claim as violation of plaintiff's rights under the First Amendment rather than under the Eighth Amendment.

#### 1. Legal Standards

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55. A plaintiff must show he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

#### 2. Analysis

Here, plaintiff has alleged that he was prevented from accessing his legal property while he had pending civil cases. However, he has not alleged facts showing that he suffered an "actual injury." Accordingly, the court finds that he has failed to allege a cognizable access to the courts claim. In any amended complaint, plaintiff must allege facts showing that he suffered an actual injury to some existing litigation.

Plaintiff further alleged that Konrad denied plaintiff's request for a prison grievance form. (ECF No. 1 at 9.) "The right of meaningful access to the courts extends to established prison grievance procedures." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001)); see also Valandingham v.

Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). The court finds that the allegation that Konrad refused to give plaintiff a grievance form is minimally sufficient to state a claim.

However, in finding that plaintiff has stated a potential claim, the court makes no determination on whether Konrad's refusal made administrative remedies effectively unavailable.

## AMENDING THE COMPLAINT

As stated above, the court has determined that the complaint states a claim against Konrad, Baker, Nelson, and Tillo, but fails to state a claim against Baughman. Accordingly, plaintiff will be given the opportunity to proceed with the complaint as screened or amend the complaint. Should plaintiff choose to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

8

Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 18) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) states a potentially cognizable claim against defendants Konrad, Baker, Nelson, and Tillo as set forth in Section III above. The complaint fails to state a claim as to defendant Baughman. Accordingly, plaintiff will be given the option to proceed with the complaint as screened or amend the complaint.

4. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 13, 2020

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/howe2551.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONRAD, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-2551 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his claims against defendants Konrad, Baker, Nelson, and Tillo.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Kareem J. Howell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se